The opinion of the Court was delivered by
Eennicr, J.
Tlie question involved in this case is the right of plaintiffs, as mortgage creditors of Buras, to redeem the latter’s property which had been sold for taxes and bought by tlie third opponent, Alberti.
Tlie evidence satisfies us that tlie tax sale at which opponent bought was made under Act. 77 of 1880, and not under Act 107 of 1880. Tliis is shown by tlie advertisement, which conforms to the requirements of Act 77, by the date of tlie sale which was different from that at which it could have been made under Act 107, and by the stipulation, contained both in the advertisement-and the deed, that the property sold should be redeemable on tlie terms and within tbe delay prescribed in tbe Act No. 77.
The purchaser is bound by tlie terms of tlie sale, and cannot dispute tlie right of redemption by the owner or his creditors.
Although the property was sold, as well for back taxes as for the taxes of 1880, and although the sheriff’s deed refers to Act 107, as well as to Act 77, there is no proof whatever that t.lie property had ever b een sold or forfeited to the State for the hack taxes, which is a condition precedent to the right of sale under Act 107; and it is besides *1246 evident, that no sale could take place under both Acts at the same time. We must treat the sale as having taken place under the Act 77, with whoso terms and conditions the proceedings comply, rather than under Act 107, which is not complied with.
The right and interest of plaintiffs to redeem do not admit of question under Act 77. Unless the property had been sold or forfeited to the State and the time for redemption had expired, plaintiffs’ mortgage was not extinguished. There was no proof of such sale or forfeiture or, even if such had taken place, of the date thereof. The constitutional ordinance for the relief of delinquent tax payers did not abbreviate the time for redemption allowed by prior laws, which was two years from the date of sale. Act 96, 1877, Sec. 57. The ordinance only fixed a period within which redemption might be made on the more favorable conditions therein prescribed.
It not appearing that plaintiffs’ mortgage is extinguished, their right to redeem must be recognized.
Judgment affirmed at appellant’s cost.